UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DONALD S. GREER, PHD.,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF HAWAII,  DEPARTMENT OF COMMERCE AND CONSUMER AFFAIRS, CATHERINE P. AWAKUNI COLON, DCCA DIRECTOR;  REGULATED INDUSTRIES COMPLAINTS OFFICE, ESTHER BROWN, RICO COMPALINTS AND ENFORCEMENT OFFICER;  DEPARTMENT OF HUMAN SERVICES,  DEPARTMENT OF LABOUR AND INDUSTRIAL RELATIONS, HAWAII CIVIL RIGHTS COMMISSION, COUNTY OF KAUAI,  KAUAI POLICE DEPARTMENT, TODD G. RAYBUCK, KPD CHIEF; CHRISTOPHER CALIO, KPD LIEUTENANT;  KAUAI POLICE COMMISSION,  DOE DEFENDANTS 1-100,<br><br>　　　　　　　　Defendants. | CIV. NO. 22-00286 LEK-WRP |

**ORDER GRANTING IN PART AND DENYING IN PART THE STATE DEFENDANTS'**
**MOTION TO DISMISS COMPLAINT FILED ON JUNE 28, 2022**

　　　　On September 23, 2022, Defendants State of Hawai`i ("the State"), the Department of Commerce and Consumer Affairs ("DCCA"), Catherine P. Awakuni Colon ("Colon"), the Regulated Industries Complaints Office ("RICO"), Esther Brown ("Brown"), the Department of Human Services ("DHS"), the Department of Labor and Industrial Relations ("DLIR"), and the Hawai`i Civil Rights Commission ("HCRC" and collectively "State Defendants")

filed their Motion to Dismiss Complaint Filed on June 28, 2022 ("Motion"). [Dkt. no. 32.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"), and without further briefing. The State Defendants' Motion is hereby granted in part and denied in part for the reasons set forth below. Pro se Plaintiff Donald S. Greer, Ph.D. ("Dr. Greer" or "Plaintiff") is granted leave to file an amended complaint, consistent with the rulings in this Order, by **December 6, 2022.**

## BACKGROUND

Dr. Greer brings this action pursuant to 42 U.S.C. § 1983, alleging "disability discrimination" and violation of his "civil right to equal protection of the laws." [Complaint at ¶ 1.] Dr. Greer asserts that he is disabled because he contracted polio as a child in 1957, and he contracted a varicocele in 1966 during puberty. [Id. at ¶ 3.] He alleges "[p]hysicians fraudulently diagnosed the atrophic testicle as due to nerve damage from polio and untreatable with the exception of removal." [Id.] Thus, Dr. Greer alleges the physicians withheld available treatment for the varicocele, and this continued for over fifty years. [Id.] Dr. Greer alleges the withholding of available and appropriate treatment

2

constituted disability discrimination, violations of his civil rights, and criminal activity. [Id. at ¶ 6.]

In 2018, Dr. Greer learned about the varicocele and that it was a treatable condition. He demanded corrective surgery, but he was prescribed tamsulsin instead. [Id. at ¶ 3.] Dr. Greer suffered "a severe adverse reaction to the tamsulosin," and "Kauai physicians have refused to treat" him, with the exception of the damage the medication caused to his eyes. [Id.] Dr. Greer states he "continues to suffer from the withholding of disability medical treatment and the withholding of medical treatment for injuries caused by the adverse reaction to the tamsulosin." [Id. at ¶ 4.]

Relevant to the instant Motion, Dr. Greer apparently tried to pursue administrative complaints against his physicians through the State Defendants, but the administrative complaints were denied on the ground that Dr. Greer was asserting medical malpractice, not a crime or a civil rights violation. See id. at pg. 2; id. at ¶ 7. Dr. Greer appears to assert that the State Defendants' denial of these administrative complaints was a violation of the State Defendants' "legal duty to protect the Plaintiff, an elder and vulnerable adult, from harm and abuse . . . ." [Complaint at ¶ 8.] Dr. Greer seeks, from all of the defendants named in the Complaint, "damages . . . for injuries caused by violations of Plaintiff's civil rights;

3

disability discrimination and equal protection of the laws." [Id. at ¶ 10.]

The Motion seeks the dismissal, with prejudice, of Dr. Greer's claims against the State Defendants. The State Defendants contend Dr. Greer's claims against the State, DCCA, RICO, DHS, DLIR, HCRC,[1] Colon, in her official capacity, and Brown, in her official capacity,[2] fail as a matter of law, based on Eleventh Amendment sovereign immunity. The State Defendants also argue the claims against Colon and Brown, in their individual capacities, fail to state a claim upon which relief can be granted.

## DISCUSSION

### I. Eleventh Amendment Immunity

#### A. The State and State Agency Defendants

"The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001) (citation omitted). "It is well established that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive

---

[1] DCCA, RICO, DHS, DLIR, and HCRC will be referred to collectively as "the State Agency Defendants."

[2] Colon and Brown, in their official capacities, will be referred to collectively as "the State Official Defendants."

4

relief brought in federal court." Sato v. Orange Cnty. Dep't of Educ., 861 F.3d 923, 928 (9th Cir. 2017) (citation and quotation marks omitted); see also P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993) ("Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court." (citations and internal quotation marks omitted)).

> Although sovereign immunity bars money damages and other retrospective relief against a state or instrumentality of a state, it does not bar claims seeking prospective injunctive relief against state officials to remedy a state's ongoing violation of federal law. Ex Parte Young, 209 U.S. 123, 149–56, 28 S. Ct. 441, 52 L. Ed. 714 (1908); see also Quern v. Jordan, 440 U.S. 332, 337, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979);[3] Agua Caliente Band of Cahuilla Indians v. Hardin, 223 F.3d 1041, 1045 (9th Cir. 2000). The Young doctrine allows individuals to pursue claims against a state for prospective equitable relief, including any measures ancillary to that relief. Green v. Mansour, 474 U.S. 64, 68–71, 106 S. Ct. 423, 88 L. Ed. 2d 371 (1985). To bring such a claim, the plaintiff must identify a practice, policy, or procedure that animates the constitutional violation at issue. Hafer v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991); Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 690 & n.55, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

Ariz. Students' Ass'n v. Ariz. Bd. of Regents, 824 F.3d 858, 865 (9th Cir. 2016) (some citations omitted).

---

[3] Quern was overruled on other grounds by Hafer v. Melo, 502 U.S. 21 (1991). See, e.g., Gonzalez v. Cal. Highway Patrol, No. 1:20-cv-01422-DAD-JLT, 2021 WL 3287717, at *4 (E.D. Cal. Aug. 2, 2021).

### 1. Section 1983 Claims

Because the State has not consented to § 1983 claims, the Eleventh Amendment precludes Dr. Greer's § 1983 claims against the State, as well as his § 1983 claims against the State Agency Defendants and the State Official Defendants, unless the Young doctrine applies. Since the Young doctrine does not apply to states and state agencies, all of Plaintiff's § 1983 claims against the State and the State Agency Defendants must be dismissed for failure to state claim upon which relief can be granted because of Eleventh Amendment immunity. See Fed. R. Civ. P. 12(b)(6) (stating the defense of "failure to state a claim upon which relief can be granted" may be asserted by motion, before filing a responsive pleading). The dismissal is with prejudice - in other words, without leave to amend those claims - because it is absolutely clear that Dr. Greer cannot cure the defects in those claims. See Garity v. APWU Nat'l Lab. Org., 828 F.3d 848, 854 (9th Cir. 2016) ("Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." (quotation marks and citation omitted)).

### 2. Other Claims

Although Dr. Greer appears to primarily assert § 1983 claims, he also cites several other statutes, including the

Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq., in particular Title II,[4] as well as various regulations.  See, e.g., Complaint at ¶ 12.  The United States Supreme Court has held that, "insofar as Title II [of the ADA] creates a private cause of action for damages against the States for conduct that **actually** violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity."  United States v. Georgia, 546 U.S. 151, 159 (2006) (emphasis in Georgia).  The allegations of the Complaint are insufficient to plead a plausible claim that the either the State or any of the State Agency Defendants engaged in conduct that actually violates the Fourteenth Amendment.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation and internal quotation marks omitted)).  Thus, Dr. Greer's ADA Title II claims against the State and the State Agency Defendants must be dismissed, but the dismissal is

---

[4] "Congress divided the ADA into five sections: Title I covering employment, Title II covering public programs and activities, Title III covering public accommodations, Title IV covering telecommunications, and Title V covering miscellaneous matters."  Sam v. Dep't of Pub. Safety, CIVIL NO. 20-00164 SOM-RT, 2021 WL 3354155, at *2 (D. Hawai`i Aug. 2, 2021) (citing Americans with Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 327 (1990)).

7

without prejudice because it is arguably possible for him to plead additional allegations to state a plausible ADA Title II claim for which Congress has validly abrogated the states' sovereign immunity.

As previously noted, Dr. Greer's Complaint cites multiple other statutes and regulations. However, even liberally construing the Complaint,[5] it is unclear whether he is asserting specific claims under those authorities or whether he is merely citing them to support his § 1983 claims and ADA claims. Thus, to the extent that Dr. Greer's Complaint attempts to plead claims against the State and the State Agency Defendants other than his § 1983 claims and his ADA claims, those claims are dismissed without prejudice because it may be possible for Dr. Greer to state plausible claims.

B. **The State Official Defendants**

1. **Section 1983 Claims**

Dr. Greer's § 1983 claims against the State Official Defendants, which seek damages and other forms of retrospective relief, are barred by their Eleventh Amendment immunity and must be dismissed. Under the Young doctrine, it is arguably possible for Dr. Greer to allege plausible § 1983 claims seeking

---

[5] Because Dr. Greer is proceeding pro se, his Complaint must be liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

8

prospective injunctive relief against the State Official Defendants, as long as the injunction does not: 1) require the expenditure of State funds; and 2) rely upon the measurement of past injuries.  See K.W. ex rel. D.W. v. Armstrong, 789 F.3d 962, 974 (9th Cir. 2015) ("Equitable relief is impermissible if it will likely require payment of state funds and is measured in terms of a monetary loss resulting from a past breach of a legal duty on the part of the defendant state officials." (citation and internal quotation marks omitted)).  In addition, the Ninth Circuit has stated:

> For Ex parte Young to apply, a plaintiff must point to threatened or ongoing unlawful conduct by a particular governmental officer. The doctrine does not allow a plaintiff to circumvent sovereign immunity by naming some arbitrarily chosen governmental officer or an officer with only general responsibility for governmental policy. Ex parte Young, 209 U.S. at 157, 28 S. Ct. 441 ("In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party.").

Jamul Action Comm. v. Simermeyer, 974 F.3d 984, 994 (9th Cir. 2020), *cert. denied*, 142 S. Ct. 83 (2021), *reh'g denied*, 2021 WL 5763396 (U.S. Dec. 6, 2021).  As currently pled in the Complaint, Dr. Greer's claims against the State Official Defendants do not seek prospective injunctive relief.

Dr. Greer's § 1983 claims against the State Official Defendants are dismissed, and the dismissal is with prejudice as to any request for damages or other retrospective relief. The dismissal is without prejudice, insofar as Dr. Greer may amend his § 1983 claims against the State Official Defendants to seek prospective injunctive relief.

### 2. Other Claims

Dr. Greer's Complaint is liberally construed as alleging ADA Title II claims against the State Official Defendants. Those claims are dismissed without prejudice for the same reasons set forth as to his Title II claims against the State and the State Agency Defendants. To the extent that Dr. Greer is asserting claims against the State Official Defendants other than his § 1983 claims and his ADA Title II claims, those claims are dismissed without prejudice for the same reasons set forth as the corresponding claims against the State and the State Agency Defendants.

## II. Failure to State a Claim

For the reasons stated in the Motion, this Court concludes that Dr. Greer's claims against Colon and Brown, in their individual capacities, do not state plausible claims and therefore relief cannot be granted as to those claims. These claims must be dismissed, but the dismissal is without prejudice

because it may be possible for Dr. Greer to cure the defects in these claims by amendment.

### III. Leave to Amend

Dr. Greer has been granted leave to amend all of his claims, except for his § 1983 claims against the State and the State Agency Defendants, which have been dismissed with prejudice. If Dr. Greer chooses to file an amended complaint, he must do so by **December 6, 2022**. Dr. Greer's amended complaint must include all of the claims that he wishes to allege, and all of the allegations that his claims are based upon, even if he previously presented them in the original Complaint. He cannot incorporate any part of his original Complaint into the amended complaint by merely referring to the original Complaint. These instructions apply to **all of Dr. Greer's allegations and claims**, including those regarding defendants other than the State Defendants.

Dr. Greer is cautioned that, if he fails to file his amended complaint by **December 6, 2022,** the claims that were dismissed without prejudice in this Order will be dismissed with prejudice – in other words, without leave to amend. In that circumstance, Dr. Greer's Complaint would remain the operative pleading, and this case would proceed on his claims against the other defendants.

**CONCLUSION**

For the foregoing reasons, the State Defendants' September 23, 2022 Motion to Dismiss Complaint Filed on June 28, 2022 is HEREBY GRANTED IN PART AND DENIED IN PART.  The Motion is GRANTED, insofar as: all of Dr. Greer's claims against the State Defendants are DISMISSED; and the dismissal of Dr. Greer's § 1983 claims against the State, DCCA, RICO, DHS, DLIR, and HCRC is WITH PREJUDICE.  The Motion is DENIED, insofar as the dismissal of all of Dr. Greer's other claims is WITHOUT PREJUDICE.

Dr. Greer is GRANTED leave to file an amended complaint to cure the defects in his claims that have been dismissed without prejudice.  Dr. Greer's amended complaint must be filed by **December 6, 2022,** and it must comply with the rulings in this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 7, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DONALD S. GREER, PHD. VS. STATE OF HAWAII, ET AL; CV 22-00286 LEK-WRP; ORDER GRANTING IN PART AND DENYING IN PART THE STATE DEFENDANTS' MOTION TO DISMISS COMPLAINT FILED ON JUNE 28, 2022**