```
                    UNITED STATES DISTRICT COURT

                         DISTRICT OF HAWAII

DONALD S. GREER, PHD.,               │  CIV. NO. 22-00286 LEK-WRP
                                     │
              Plaintiff,             │
                                     │
     vs.                             │
                                     │
STATE OF HAWAII, DEPARTMENT OF       │
COMMERCE AND CONSUMER AFFAIRS,       │
CATHERINE P. AWAKUNI COLON, DCCA     │
DIRECTOR; REGULATED INDUSTRIES       │
COMPLAINTS OFFICE, ESTHER BROWN,     │
RICO COMPALINTS AND ENFORCEMENT      │
OFFICER; DEPARTMENT OF HUMAN         │
SERVICES, DEPARTMENT OF LABOUR       │
AND INDUSTRIAL RELATIONS,            │
HAWAII CIVIL RIGHTS COMMISSION,      │
COUNTY OF KAUAI, KAUAI POLICE        │
DEPARTMENT, TODD G. RAYBUCK, KPD     │
CHIEF; CHRISTOPHER CALIO, KPD        │
LIEUTENANT; KAUAI POLICE             │
COMMISSION, DOE DEFENDANTS 1-        │
100,                                 │
                                     │
              Defendants.            │
```

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT [ECF NO. 66]**

On September 14, 2023, Defendant County of Kaua`i ("the County" or "Defendant") filed its Motion to Dismiss Third Amended Complaint [ECF No. 66] ("Motion"). [Dkt. no. 68.] Pro se Plaintiff Donald S. Greer, Ph.D. ("Dr. Greer" or "Plaintiff") filed his Response to Defendant's Motion to Dismiss on October 2, 2023, and the County filed its reply on October 18, 2023. [Dkt. nos. 70, 71.] The Court finds this matter suitable

for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). The County's Motion is hereby granted for the reasons set forth below.

## BACKGROUND

The operative pleading is Dr. Greer's Third Amended Complaint, which alleges the following claims: disability discrimination in violation of Title II of the Americans with Disabilities Act ("ADA Title II"), Title 42 United States Code Sections 12131 to 12134 ("Count I"); and disability discrimination in violation of Section 504 of the Rehabilitation Act ("Rehabilitation Act"), Title 29 United States Code Section 794 ("Count II"). [Third Amended Complaint, filed 8/31/23 (dkt. no. 66), at ¶¶ 176-91.] The County is the only defendant named in the Third Amended Complaint. See id. at ¶¶ 20-21 (identifying the parties to the case). Dr. Greer summarizes his case against the County as follows:

> This is an action for damages against the Defendant, County of Kauai, for knowing allowing [sic] Plaintiff to continue to suffer from a Felony Disability Crime spanning Child Abuse to Elder Abuse by reason of disability, for not investigating Plaintiff's Felony Disability Crime and Elder Abuse Complaint, for not taking corrective action to prevent further disability bodily harm to Plaintiff and for Covering-Up a Felony Disability Crime and Elder Abuse.

[Id. at ¶ 3.]

2

Dr. Greer alleges "[t]he Felony Disability Crime began in 1957 when physicians infected Plaintiff with polio live Polio virus," and it continued when physicians misdiagnosed and/or refused to treat his medical problems, telling him the problems were attributable to polio and therefore could not be treated. Among the treatments allegedly withheld from him for over fifty years was corrective varicocele surgery. [Id. at ¶¶ 4-6.] When Dr. Greer finally learned that he had a varicocele and demanded corrective surgery, "[p]hysicians poisoned Plaintiff in February 2019 with a prescription drug, tamsulosin," [id. at ¶ 7,] which caused him additional severe medical problems and permanent physical injuries, [id. at ¶¶ 9, 11]. Dr. Greer also alleges he was denied medical treatment for the injuries caused by tamsulosin. [Id. at ¶ 10.]

Dr. Greer states he has filed seventeen criminal complaints with the County, through the Kaua`i Police Department ("KPD") and the County's Office of the Prosecuting Attorney ("KOPA"), but the County has not investigated or otherwise acted upon his criminal complaints, and the County has not provided any justification for its failure or refusal to act upon his complaints. [Id. at ¶¶ 12-14.] Thus, Dr. Greer alleges the County "has aided and abetted physicians Felony Disability Crime spanning Child Abuse to Elder Abuse." [Id. at ¶ 16.]

Dr. Greer initiated this action on June 28, 2022. See Complaint, filed 6/28/22 (dkt. no. 1). On October 7, 2022, this Court issued an order dismissing the Complaint, with partial leave to amend. See Order Granting in Part and Denying in Part the State Defendants' Motion to Dismiss Complaint Filed on June 28, 2022, filed 10/7/22 ("10/7/22 Order").[1] In response to the 10/7/22 Order, Dr. Greer filed his Amended Complaint on November 21, 2022. [Dkt. no. 43.] The County filed a motion to dismiss the Amended Complaint on December 5, 2022. [Dkt. no. 45.] The County's motion to dismiss was granted in an order filed on May 15, 2023 ("5/15/23 Order"). [Dkt. no. 57.[2]] Relevant to the instant Motion, this Court dismissed the ADA Title II claim and the Rehabilitation Act claim in the Amended Complaint, without prejudice.[3] [5/15/23 Oder at 47.] This Court stated:

> Dr. Greer attempted to utilize the services that KPD and other County offices provide by making complaints. Those complaints were received and considered, although all of the County offices declined to take further action. Although he was disappointed with the outcome of these processes, he was not "excluded from

---

[1] The 10/7/22 Order is also available at 2022 WL 6170627. The 10/7/22 Order did not address Dr. Greer's claims against the County.

[2] The 5/15/23 Order is also available at 2023 WL 3458949.

[3] Pursuant to the 5/15/23 Order, Dr. Greer filed his Second Amended Complaint on June 27, 2023. [Dkt. no. 59.] The parties verbally stipulated to allow Dr. Greer to file a third amended complaint. See Minutes – EP: Telephonic Status Conference, filed 7/27/23 (dkt. no. 64).

4

> participation in" the County's services. See Lovell [v. Chandler], 303 F.3d [1039,] 1052 [(9th Cir. 2002)]. Nor would Dr. Greer's factual allegations, if proven, establish that he was discriminated against with regard to those services by reason of his disability when the County offices declined to take further action on his complaints. Dr. Greer does not plead any factual allegations indicating that the County offices' decisions were made "by reason of [his] disability." See id. (citation omitted). Similarly, he fails to plead sufficient allegations regarding the requirement for a Rehabilitation Act claim that he "was denied the benefit or services solely by reason of" his disability. See id.

[5/15/23 Order at 46-47 (some alterations in 5/15/23 Order).]

The County brings the instant Motion pursuant to Federal Rule of Civil Procedure 12(b)(6) and argues the Third Amended Complaint should be dismissed with prejudice because Dr. Greer fails to cure the defects in his ADA Title II claim and his Rehabilitation Act claim that were identified in the 5/15/23 Order. [Motion at 2; Motion, Mem. in Supp. at 2.] The County also argues there are other grounds to dismiss the Third Amended Complaint, or portions thereof: Dr. Greer's claims that the County committed discrimination by refusing to undo a prior act of discrimination fail as a matter of law; any claims that were or could have been raised in Dr. Greer's state court action against the County are barred by the doctrine of res judicata; the Third Amended Complaint includes a new claim alleging intimidation that violates the 5/15/23 Order; even if the

5

intimidation claim does not violate the 5/15/23 Order, the claim is insufficiently pled; and Dr. Greer cannot recover punitive damages under either ADA Title II or the Rehabilitation Act. [Motion, Mem. in Supp. at 2-3.]

## DISCUSSION

At the outset, this Court considers the County's argument that the claims in the Third Amended Complaint are barred by the res judicata doctrine. On June 21, 2021, Dr. Greer filed a complaint against the County in the State of Hawai`i Fifth Circuit Court ("state court"), Greer v. County of Kaua`i, 5CCV-21-0000059 ("State Court Complaint" and "State Court Action"). [Motion, Mem. in Supp., App'x 1 (State Court Complaint).[4]] Dr. Greer alleged the County was "complicit in a Cradle-to-Coffin crime, committed against the Plaintiff, of felony **disability discrimination** involving the sexual assault of

---

[4] As a general rule, when considering a Rule 12(b)(6) motion to dismiss, this Court only considers the allegations in the complaint. See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998 (9th Cir. 2018). However, this Court can consider materials beyond the pleadings without converting the motion to dismiss into a motion for summary judgment if either the incorporation-by-reference doctrine or judicial notice pursuant to Federal Rule of Evidence 201 applies. See id. The documents filed in the State Court Action are matters of public record that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." See Fed. R. Evid. 201(b)(2); Khoja, 899 F.3d at 999. This Court therefore takes judicial notice of the docket and filings in the State Court Action, but this Court does not take judicial notice of the disputed facts within those filings.

6

a minor, sexual assault of an elder, elder abuse, first degree assault, and attempted murder." [Id. at ¶ 2 (emphasis added).] The State Court Complaint was based upon Dr. Greer's polio, testicular dysfunction that was later diagnosed as a varicocele, and injuries from the improper prescription of tamsulosin. [Id. at ¶¶ 3-8.] Dr. Greer alleged "[p]hysicians concealed and withheld medical treatment for the Plaintiff's disabilities for 55 years" and provided "substandard quality of care." [Id. at ¶¶ 11, 16.] Dr. Greer alleged the County was complicit in the physicians' actions and omissions because Dr. Greer filed multiple complaints with the County, through KPD and KOPA, but the County refused to investigate any of his criminal complaints. Further, the County did not provide him with a justification for any of its refusals. [Id. at ¶¶ 17-18.] The State Court Complaint did not cite the Rehabilitation Act, but it cited the ADA Title II, Title 42 United States Code Section 12132. See id. at ¶ 23. Dr. Greer alleged the County: "discriminated against the Plaintiff and violated the Plaintiff's Civil rights. The Defendant denied the Plaintiff government public services by refusing to investigate the felony disability discrimination complaint because of the Plaintiffs disability." Id. at ¶ 21.

On July 1, 2021, the County filed a motion to dismiss the State Court Complaint. [Motion, Mem. in Supp., App'x 2

7

(motion).] The state court granted the motion and dismissed the State Court Complaint with prejudice in an order filed on October 20, 2021. [Motion, Mem. in Supp., App'x 6 (order).] The state court's order did not set forth the grounds supporting the dismissal of the State Court Complaint. The order merely states the state court considered the parties' arguments in their filings and during oral argument, as well as the "applicable statutes and case law," and found that there was "good cause" to dismiss the State Court Complaint with prejudice. [Id. at 2.] Dr. Greer did not appeal the dismissal of the State Court Complaint.

To determine whether the dismissal of Dr. Greer's State Court Action has a preclusive effect on the instant case, this Court must apply Hawai`i law. See Chen ex rel. Chen v. Albany Unified Sch. Dist., 56 F.4th 708, 725 (9th Cir. 2022) ("In determining the preclusive effect of a state administrative decision or a state court judgment, we follow the state's rules of preclusion." (quotation marks and citation omitted)), *cert. denied sub nom.* Epple v. Albany Unified Sch. Dist., 143 S. Ct. 2641 (2023). The Hawai`i Supreme Court has stated:

> We have often recognized that "[a]ccording to the doctrine of res judicata, the judgment of a court of competent jurisdiction is a bar to a new action in any court between the same parties or their privies concerning the same subject matter[.]" Kauhane v. Acutron Co., 71 Haw. 458, 463, 795 P.2d 276, 278 (1990) (alterations and

8

citation omitted). A party asserting res judicata has the burden of establishing: "(1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) the claim decided in the original suit is identical with the one presented in the action in question." Bremer v. Weeks, 104 Hawai`i 43, 54, 85 P.3d 150, 161 (2004). As we discussed in Kauhane, the purpose of res judicata is to preclude successive litigation:

> The purpose of the doctrine of res judicata is **to prevent a multiplicity of suits** and to provide a limit to litigation. It serves to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication. The res judicata doctrine thus furthers the interests of litigants, the judicial system and society by bringing an end to litigation where matters have already been tried and decided on the merits. It is a rule of fundamental and substantial justice, of public policy and private peace.
>
> The doctrine therefore permits every litigant to have an opportunity to try his case on the merits; but it also requires that he be limited to one such opportunity. Unsatisfied litigants have a remedy: they can appeal through available channels. But **they cannot, even if the first suit may appear to have been decided wrongly, file new suits.**

Kauhane, 71 Haw. at 463, 795 P.2d 276–79 (emphases added) (citations and alterations omitted).

PennyMac Corp. v. Godinez, 148 Hawai`i 323, 327, 474 P.3d 264, 268 (2020) (alterations and emphasis in PennyMac). Further, the res judicata doctrine "prohibits the relitigation of all grounds

9

and defenses which **might have been** properly litigated in the prior action, even if the issues were not litigated or decided in the earlier adjudication of the subject claim or cause of action." Dannenberg v. State, 139 Hawai`i 39, 59, 383 P.3d 1177, 1197 (2016) (emphasis added) (citing Bremer, 104 Hawai`i at 53, 85 P.3d at 160).

In the instant case, the second res judicata requirement is met because the parties are the same in the instant case and in the State Court Action.

I. **Final Judgment on the Merits**

There was no document titled "judgment" entered in the State Court Action. This district court has recognized that:

> Under Hawai`i law, dismissal with prejudice is an adjudication on the merits of all issues that were raised or could have been raised in the pleadings. Land v. Highway Constr. Co., 64 Haw. 545, 551, 645 P.2d 295 (1982); see also Haw. R. Civ. P. Rule 41(b); Pedrina [v. Chun], 906 F. Supp. [1377,] 1401 [(D. Haw. 1995)]. A dismissal without prejudice, on the other hand, is not an adjudication on the merits for purposes of res judicata. Land, 64 Haw. at 551, 645 P.2d 295. A judgment is considered final for purposes of res judicata when the time to appeal has expired without an appeal being taken. Butler v. Cnty. of Maui, Civ. No. 13-00163 SOM/KSC, 2013 WL 4605422, at *7 (D. Haw. Aug. 29, 2013) (citing Glover v. Fong, 42 Haw. 560 (1958)).

McShane v. Dep't of Parks & Recreation, Civ. No. 20-00244-ACK-WRP, 2021 WL 2582810, at *11 (D. Hawai`i June 23, 2021). The state court's October 20, 2021 order dismissing the State Court

Complaint with prejudice is a final adjudication on the merits for purposes of res judicata because Dr. Greer did not file an appeal. See Glover, 42 Haw. at 574. Thus, the first res judicata requirement is met.

## II. Identical Claim or Cause of Action

"To determine whether a litigant is asserting the same claim in a second action, the court must look to whether the 'claim' asserted in the second action arises out of the same transaction, or series of connected transactions, as the 'claim' asserted in the first action." Kauhane, 71 Haw. at 464, 795 P.2d at 279 (citing Restatement (Second) of Judgments § 24 (1982)). The Hawai`i Supreme Court noted:

> The commentary on Restatement (Second) of Judgments § 24 expresses the rationale behind this transactional view of claim as follows:
>
>> The present trend is to see claim in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff; regardless of the number of primary rights that may have been invaded; and regardless of the variations in the evidence needed to support the theories or rights. The transaction is the basis of the litigative unit or entity which may not be split.
>
> *Restatement (Second) of Judgments* § 24 comment at 197 (1982).

Id. at 464 n.6, 795 P.2d at 279 n.6.

11

The "claim" asserted in the Third Amended Complaint is Dr. Greer's allegation that the County is liable for the injuries caused by his physicians because County agencies failed to act upon the criminal complaints that he submitted about the crimes and abuse by his physicians. See, e.g., Third Amended Complaint at ¶¶ 3, 13-14, 16. The claim that Dr. Greer asserted in the State Court Action arose from the same "series of connected transactions." See Kauhane, 71 Haw. at 464, 795 P.2d at 279. In the State Court Complaint, Dr. Greer also alleged that he submitted criminal complaints to County agencies about the crimes and abuses committed by his physicians and that the County agencies failed to respond appropriately to his complaints. See Motion, Mem. in Supp., App'x 1 (State Court Complaint) at ¶¶ 8-16 (describing "The Cradle-to-Coffin Complaint/Crime" by his physicians); id. at ¶¶ 17-26 (alleging the County was complicit in the physicians' crimes because it refused to investigate Dr. Greer's criminal complaints).

Dr. Greer's State Court Complaint alleged the County discriminated against him and "denied [him] government public services by refusing to investigate the felony disability discrimination complaint because of [his] disability." Id. at ¶ 21; see also 42 U.S.C. § 12132 ("Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from

12

participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."). In the instant case, Count I alleges the County

> violated and Continues [sic] to violate ADA by not investigating and correcting Plaintiff's Felony Disability Crime and Elder Abuse. Defendant investigates and corrects all non-disabled felony crimes and elder abuse as required by law. Plaintiff, a disabled person, on the basis of disability was denied the same benefits of service. Plaintiff was denied the protection and security of law, protection against Felony Crimes and Elder Abuse that Defendant provides to all non-disabled persons.

[Third Amended Complaint at ¶ 178.]

This Court therefore concludes that Dr. Greer's ADA Title II claim alleging a failure to investigate his criminal complaints asserts the same claim as the State Court Complaint. See Kauhane, 71 Haw. at 464, 795 P.2d at 279. Although the State Court Complaint does not allege a Rehabilitation Act claim, Dr. Greer could have alleged such a claim in the State Court Complaint, and his Rehabilitation Act claim in the instant case arises out of the same series of connected transactions as the State Court Complaint. This Court therefore concludes that the Rehabilitation Act claim in Count II of the Third Amended Complaint constitutes the same claim as the claim asserted in the State Court Action. See Dannenberg, 139 Hawai`i at 59, 383 P.3d at 1197.

13

Count I also alleges the County attempted to intimidate Dr. Greer through the following incidents:

> 1.  KPD Police Officers appeared unannounced at Plaintiff's home on March 30, 2021, shortly after Plaintiff filed a criminal complaint. One KPD Officer, the very large man, was dressed in full assault gear complete with body CAM. KPD Police Officers made it very clear that they were not there to investigate Plaintiff's Felony Disability Crime and Elder Abuse. They were there to intimidate.
>
> 2.  KPD police vehicles have parked on Plaintiff's property to observe Plaintiff's home.
>
> 3.  Defendant has posted a disparaging and discriminating sign on Plaintiff's property, in front of Plaintiff's home. The sign reads 'Speed Hump Me'. The sign has been posted since the dispute began, 3 years ago. Defendant drives by daily to observe the sign.

[Third Amended Complaint at ¶ 161.] These allegations are not included in the State Court Complaint. However, the Third Amended Complaint alleges this intimidation was part of the County's attempt to cover up its wrongful failure to investigate his criminal complaints against his physicians. See id. at ¶¶ 141-63 (section titled "17 KPD Police Officers and 3 Prosecutors Collude in Cover-Up"). This Court therefore finds that the alleged acts of intimidation by the County are part of the same series of connected transactions as the factual allegations pled in the State Court Complaint. The portion of Count I based upon the alleged intimidation constitutes the same claim as the claim asserted in the State Court Action. This

14

Court concludes that the third res judicata requirement is met as to all of the claims that Dr. Greer alleges in the Third Amended Complaint.

**III. Ruling**

Because all of the res judicata requirements are met, the claims Dr. Greer alleges in this case were or could have been presented in the State Court Action. Dr. Greer's claims in the Third Amended Complaint are barred because of the preclusive effect of the final judgment in the State Court Action. Dr. Greer's Third Amended Complaint therefore fails to state a claim upon which relief can be granted and must be dismissed. See Fed. R. Civ. P. 12(b)(6) (stating the defense of "failure to state a claim upon which relief can be granted" may be asserted by motion); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation and internal quotation marks omitted)).

The dismissal is with prejudice – in other words, without leave to further amend his complaint - because it is absolutely clear that Dr. Greer cannot avoid the effect of the res judicata doctrine by amending his complaint. See Garity v. APWU Nat'l Lab. Org., 828 F.3d 848, 854 (9th Cir. 2016) ("Unless it is absolutely clear that no amendment can cure the defect,

15

. . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." (quotation marks and citation omitted)).

In light of this Court's ruling, it is not necessary to address the other arguments presented in the County's Motion.

## CONCLUSION

For the foregoing reasons, the County's Motion to Dismiss Third Amended Complaint [ECF No. 66], filed September 14, 2023, is HEREBY GRANTED. Dr. Greer's Third Amended Complaint, filed August 31, 2023, is DISMISSED WITH PREJUDICE. There being no remaining claims in this case, the Clerk's Office is DIRECTED to enter final judgment and close this case on **April 29, 2024,** unless Dr. Greer files a timely motion for reconsideration of this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 12, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DONALD GREER, PH.D. VS. STATE OF HAWAII, ET AL; CV 22-00286 LEK-WRP; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT [ECF NO. 66]**