```
                  UNITED STATES DISTRICT COURT

                       DISTRICT OF HAWAII
```

| | |
|---|---|
| DONALD S. GREER, PHD., <br><br>             Plaintiff, <br><br>     vs. <br><br> STATE OF HAWAII,  DEPARTMENT OF COMMERCE AND CONSUMER AFFAIRS, CATHERINE P. AWAKUNI COLON, DCCA DIRECTOR;  REGULATED INDUSTRIES COMPLAINTS OFFICE, ESTHER BROWN, RICO COMPALINTS AND ENFORCEMENT OFFICER;  DEPARTMENT OF HUMAN SERVICES,  DEPARTMENT OF LABOUR AND INDUSTRIAL RELATIONS, HAWAII CIVIL RIGHTS COMMISSION, COUNTY OF KAUAI,  KAUAI POLICE DEPARTMENT, TODD G. RAYBUCK, KPD CHIEF; CHRISTOPHER CALIO, KPD LIEUTENANT;  KAUAI POLICE COMMISSION,  DOE DEFENDANTS 1-100, <br><br>             Defendants. | CIV. NO. 22-00286 LEK-WRP |

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER**
**ORDER DISMISSING COMPLAINT WITH PREJUDICE**

On April 12, 2024, this Court issued an Order Granting Defendant's Motion to Dismiss Third Amended Complaint [ECF No. 66] ("4/12 Order"). Dkt. no. 75, *available at* 2024 WL 1604193. On April 25, 2024, pro se Plaintiff Donald S. Greer, Ph.D. ("Dr. Greer" or "Plaintiff"), filed a motion for reconsideration of the 4/12 Order ("Motion for Reconsideration"). [Dkt. no. 76.] The Motion for Reconsideration

is suitable for disposition without a hearing and without further briefing. See Local Rule LR7.1(d); Local Rule LR60.1. Dr. Greer's Motion for Reconsideration is hereby denied for the reasons set forth below.

## DISCUSSION

Dr. Greer filed his Third Amended Complaint on August 31, 2023. [Dkt. no. 66.] The 4/12 Order dismissed Dr. Greer's Third Amended Complaint because all of Dr. Greer's claims were barred because of the preclusive effect of the final judgment in his prior state court action. [4/12 Order at 15.] The dismissal was with prejudice because Dr. Greer could not avoid the effect of the res judicata doctrine by amending his complaint. [Id.] Because the 4/12 Order is a case-dispositive order, Dr. Greer's Motion for Reconsideration is governed by Federal Rule of Civil Procedure 60. See Local Rule LR60.1 ("Motions seeking reconsideration of case-dispositive orders shall be governed by Fed. R. Civ. P. 59 or 60, as applicable."). Federal Rule of Civil Procedure 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been

>     discovered in time to move for a new trial under Rule 59(b);
>
>     (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>     (4) the judgment is void;
>
>     (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>     (6) any other reason that justifies relief.

The decision of whether to grant or deny a motion for relief from a final judgment is a matter of the district court's discretion. Fantasyland Video, Inc. v. Cnty. of San Diego, 505 F.3d 996, 1001 (9th Cir. 2007).

As to motions for reconsideration in general, this district court has stated:

> A motion for reconsideration must: (1) demonstrate reasons that the court should reconsider its prior decision; and (2) must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Fisher v. Kealoha, 49 F. Supp. 3d 727, 734 (D. Haw. 2014). The Ninth Circuit has said that reconsideration may be appropriate if: (1) the district court is presented with newly discovered evidence; (2) the district court committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).
>
> Mere disagreement with a previous order is an insufficient basis for reconsideration.

3

> Fisher, 49 F. Supp. 3d at 735. This court "'enjoys considerable discretion in granting or denying the motion.'" Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc)).

Smith v. Frink, Civil No. 20-00377 SOM-RT, 2020 WL 7130511, at *2 (D. Hawai`i Dec. 4, 2020).

I. **Newly Discovered Evidence**

Dr. Greer brings his Motion for Reconsideration pursuant to Rule 60(b)(2). See Motion for Reconsideration at PageID.1685 (arguing "newly discovered evidence . . . significantly changes the facts and scope of the Complaint and has not been included into the Third Amended Complaint").

> Relief from judgment on the basis of newly discovered evidence is warranted if (1) the moving party can show the evidence relied on in fact constitutes "newly discovered evidence" within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of "such magnitude that production of it earlier would have been likely to change the disposition of the case." Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc., 833 F.2d 208, 211 (9th Cir. 1987).

Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1093 (9th Cir. 2003).

The new evidence that Dr. Greer relies upon is a testicular ultrasound performed on October 25, 2023 ("Third Ultrasound"). See Motion for Reconsideration, Mem. in Supp. at PageID.1686. First, the Third Ultrasound does not constitute

4

newly discovered evidence because it occurred before the 4/12 Order was issued. Defendant County of Kaua`i ("the County" or "Defendant") filed its Motion to Dismiss Third Amended Complaint [ECF No. 66] ("Motion to Dismiss") on September 14, 2023. [Dkt. no. 68).] Dr. Greer filed his memorandum in opposition to the County's Motion to Dismiss on October 2, 2023. [Dkt. no. 70.] Although the Third Ultrasound occurred after Dr. Greer filed his memorandum in opposition, Dr. Greer could have filed a motion asking for leave to supplement his memorandum in opposition with evidence of, and argument regarding, the Third Ultrasound. Because Dr. Greer could have addressed the Third Ultrasound in connection with the County's Motion to Dismiss, the Third Ultrasound does not constitute new evidence for purposes of a motion for reconsideration of the 4/12 Order. See Wereb v. Maui Cnty., 830 F. Supp. 2d 1026, 1031 (D. Hawai`i 2011) ("reconsideration may not be based on evidence and legal arguments that a movant could have presented at the time of the challenged decision" (some citations omitted) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000))).

Further, even if this Court considered the Third Ultrasound as new evidence, the Third Ultrasound would not change this Court's rulings in the 4/12 Order. Dr. Greer quotes findings in the report regarding the Third Ultrasound, and he

5

argues "[t]he Third Ultrasound also shows Plaintiff's Second Ultrasound to be wrong." [Motion for Reconsideration, Mem. in Supp. at PageID.1686-87.] He further argues:

> It has been six months since the Third Ultrasound has shown Plaintiff's testicle to be viable and no medical tests have been performed to verify that Plaintiff's varicocele corrective surgery can proceed.
>
> Disability medical treatment is currently being withheld from Plaintiff, as it was withheld back in 1966.

[Id. at PageID.1687.]

Even if the Third Ultrasound constitutes new evidence that Dr. Greer's physicians committed crimes and abuses against him, the "claim" asserted in the Third Amended Complaint against the County is not premised upon the physicians' actions and omissions. Dr. Greer's claim is premised upon the County agencies' alleged failure to act upon the criminal complaints that Dr. Greer submitted to the agencies about the alleged crimes and abuse by his physicians. Further, the claim that Dr. Greer asserted in his prior state court action "arose from the same series of connected transactions" as his claim in the Third Amended Complaint. [4/12 Order at 12 (citation and internal quotation marks omitted).] The new evidence from the Third Ultrasound is not relevant to the County agencies' alleged failure to act upon Dr. Greer's criminal complaints. Thus, even if this Court considered the Third Ultrasound when it ruled upon

6

the County's Motion, the ultrasound would not change this Court's res judicata analysis.

Dr. Greer's Motion for Reconsideration is denied as to his argument based on new evidence.

## II. **Manifest Injustice**

Dr. Greer also argues reconsideration of the 4/12 Order is necessary to "correct clear error or prevent manifest injustice." [Motion for Reconsideration, Mem. in Supp. at PageID.1689.] Dr. Greer argues this Court erred in ruling that res judicata precludes his claims because the fraud exception to the res judicata doctrine applies. [Id. at PageID.1689-92.]

This Court must liberally construe Dr. Greer's filings because he is proceeding pro se. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Dr. Greer's Motion for Reconsideration is liberally construed as seeking reconsideration under Rule 60(b)(6). The Ninth Circuit has stated:

> We use Rule 60(b)(6) "sparingly as an equitable remedy to prevent manifest injustice." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). To receive relief under Rule 60(b)(6), a party must demonstrate "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." [Cmty. Dental Servs. v.] Tani, 282 F.3d [1164,] 1168 [(9th Cir. 2002)] (citing Martella v. Marine Cooks & Stewards Union, 448 F.2d 729, 730 (9th Cir. 1971) (per curiam)).

Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010) (some alterations in Lal).

Dr. Greer is correct that, under Hawai`i law, "*res judicata* will not bar claims of which the plaintiff or petitioner was ignorant due to the fault or fraud of an adverse party." See Griffin ex rel. Griffin v. Davenport, No. CAAP-10-0000242, 2012 WL 1138937, at *3 (Hawai`i Ct. App. 2012) (citing Bolte v. Aits, Inc., 60 Haw. 58, 62, 587 P.2d 810, 813-14 (1978)). Dr. Greer argues:

> Defendant's misconduct prevented Plaintiff from knowing, at the time of the State Court case, that Plaintiff had a certain claim and the extent of Plaintiff's injury. Defendant kept secret prosecutorial misconduct, Defendant (Prosecutor Kollar) bias preventing an investigation of Plaintiff's criminal complaints, and from knowing that disability medical treatment for Plaintiff's disabled testicle was being withheld during the State Court case.

[Motion, Mem. in Supp. at PageID.1689.] However, the alleged prosecutorial misconduct, which the Motion for Reconsideration argues was concealed by the County, was known to Dr. Greer at the time he filed his prior state court action. See Motion to Dismiss, Mem. in Supp., App'x 1 (Complaint filed on 6/21/21 in the State of Hawai`i Fifth Circuit Court in Greer v. County of Kaua`i, 5CCV-21-0000059) at ¶ 22 (describing alleged prosecutorial misconduct by Prosecutor Kollar). Because Dr. Greer knew about the alleged prosecutorial misconduct at the

8

time he filed his prior state court action, the fraud exception to the res judicata doctrine does not apply. See, e.g., Griffin, 2012 WL 1138937, at *6 ("[I]n order to determine whether *res judicata* barred Griffin from asserting the April 2010 incident in the second petition, we remand this case to the family court to determine **when** Griffin learned that Davenport had been involved in the events of April 2010 leading to Minor's dislocated arm. If Griffin learned this information **prior** to filing the first petition, her claims in the second petition regarding the April 2010 incident are barred by *res judicata*." (emphases in original)).

Dr. Greer's Motion for Reconsideration is therefore denied to the extent that he seeks reconsideration of the 4/12 Order based on the fraud exception to the res judicata doctrine.

### III. Request to Join Parties

The Motion for Reconsideration also seeks leave to join Hawaii Health Systems Corporation ("HHSC") and Hawaii Pacific Health ("HPH") as defendants, pursuant to Federal Rule of Civil Procedure 20. [Motion for Reconsideration, Mem. in Supp. at PageID.1692.] Dr. Greer argues his claims against HHSC and HPH are not time-barred because of "the discovery of new evidence provided by the Third Testicular Ultrasound . . . ." [Id. at PageID.1692-93.] To the extent that Dr. Greer believes he has timely claims against HHSC and HPH, he must file a new

9

action to assert those claims. This Court makes no findings or conclusions regarding the merits of Dr. Greer's proposed claims against HHSC and HPH. However, even assuming that Dr. Greer has viable claims against HHSC and HPH, such claims would not constitute grounds to reconsider the 4/12 Order.

Dr. Greer's request to join HHSC and HPH as defendants in this action is therefore denied.

## IV.  Other Arguments

The Motion for Reconsideration also addresses: whether the Third Amended Complaint alleges multiple acts of discrimination or a single act; and whether Dr. Greer is entitled to seek treble damages from the County. [Motion for Reconsideration, Mem. in Supp. at PageID.1693-96.] The County's Motion to Dismiss did address similar issues. See Motion, Mem. in Supp. at 9-12, 23. However, the 4/12 Order did not address those issues because this Court concluded that it was not necessary to do so in light of the ruling in the res judicata analysis. See 4/12 Order at 16. Because Dr. Greer's Motion for Reconsideration does not present any ground that warrants reconsideration of the ruling in the res judicata analysis, it is not necessary to address either Dr. Greer's multiple acts argument or his treble damages argument.

10

## **CONCLUSION**

Dr. Greer's Motion for Reconsideration, filed April 25, 2024, does not present any ground that warrants reconsideration of the 4/12 Order. The Motion for Reconsideration is therefore DENIED in its entirety. The Clerk's Office is DIRECTED to close this case immediately, pursuant to the 4/12 Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 22, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DONALD GREER, PH.D. VS. STATE OF HAWAII, ET AL.; CV 22-00286 LEK-WRP; ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ORDER DISMISSING COMPLAINT WITH PREJUDICE**